THE STATE, EX REL. TAYLOR, v. BOARD OF COUNTY
COMMRS. OF CUYAHOGA COUNTY.

*County commissioners—Mandamus denied to compel assess-
ment for paving road—Improvement proceedings not pend-
ing before board—Statutes not superseded by journal
entry in injunction against opening road—Mandamus lies
to compel performance of duty enjoined by law—Writ re-
fused where other available remedies not invoked—Moot
question—Statutory requirements for paving proceedings
performed by commissioners.*

1. Mandamus will not lie to compel an assessment for paving
by board of county commissioners under terms of journal
entry in proceeding to open and grade road, when there
are no proceedings for improvement pending before county
commissioners, since duty enjoined by law on board of
county commissioners as to future action respecting
pavement must be performed in conformity with statutes
governing establishment of improvements by assessment.

2. Mandamus lies to compel performance on part of public
officer of duty enjoined by law.

3. Where relator, in mandamus to compel board of county
commissioners to make paving assessment in accordance
with journal entry in proceeding to open road, had full
opportunity to restrain board from proceeding in manner
complained of, instead of according to journal entry,
court of equity was justified in denying mandamus.

4. Where board of county commissioners performed all statu-
tory requirements relating to paving improvement, man-
damus to compel paving assessment in accordance with
journal entry in proceedings to open road presented only
moot question.

5. Moot questions are of no avail in courts of law.

(Decided February 7, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. H. J. Doolittle,* for plaintiff in error.

*Mr. E. C. Stanton* and *Mr. Donald Kennedy,* for defendant in error.

SULLIVAN, P. J. This is an error proceeding to the court of common pleas of Cuyahoga county, seeking a peremptory writ of mandamus against the board of county commissioners of Cuyahoga county to compel it to make an assessment for the cost of paving what is known as Cedar road, in accordance with the terms of a journal entry of the Court of Appeals, made under pleadings where the issues related only to the opening, grading, and draining of Cedar road, and did not in any manner, except as incorporated in the journal entry, relate to the subject of the pavement of the road, which, prior to and at the time of the entry in question, was only in contemplation as to the future and not an existing fact. The journal entry in question is as follows:

"It has been stated in open court by counsel for defendant (the board of county commissioners), that this assessment was made with the intention that it apply to the 35 per cent. rule when the other improvement was made, and if you desire that you can have it in your journal entry." (An injunction was granted as to certain matters.)

"It is therefore ordered, adjudged and decreed that the board of county commissioners of Cuyahoga county, Ohio, in determining the amount of, and in confirming and certifying to the county auditor for collection any further special assessments for paving that part of Cedar road extending from Green road to the Chagrin river road, against the lands abutting and fronting on said Cedar road between said points, and which lands

are assessed for the grading and draining there of, shall apportion such paving assessment so that the total amount thereof, levied against such lands abutting on Cedar road between said points, when added to the amount assessed for grading and draining said road, together shall not exceed thirty-five per cent. (35%) of such combined cost of grading, draining and paving said portion of Cedar road.''

It is obvious, after an examination of this entry, that the reason for the incorporation therein of the 35 per cent. assessment was because the court suggested that the understanding between the board and the property owners might be incorporated in the journal entry. However, it remains as a fact that this entry with respect to the paving does not respond to the issuance upon which the judgment of the court was based. It is true that under the terms of the journal entry mandamus would not lie to compel an assessment for the pavement of the road, when there were no proceedings for such an improvement pending before the county commissioners, for the reason that the duty enjoined by law upon the board of county commissioners, as to any future action with respect to pavement, must be performed in conformity with the statutes passed by the Legislature for the strict government of the county commissioners in the establishment of improvements by the assessments required by law. A journal entry of the character of the one at issue could not supersede the positive requirements of the statutes governing the action of the county commissioners with respect to the establishment of the road at a time when there were no proceedings for the same pending before that body,

and when the question of pavement was entirely
a question of the action of the board under the
statute at some indefinite time in the future.   The
journal entry of a court, repugnant to the pro-
ceedings of the statute, could in no manner be
paramount to the provisions of the law which the
board of county commissioners was bound to fol-
low when the time for the improvement came and
the necessary preliminary steps were taken.

Mandamus lies to compel the performance on the
part of a public officer of a duty enjoined by law.
Necessarily this would apply to the provisions of
the statute rather than to a journal entry, which
relates to a subject not made an issue in the case,
and which does not respond in any manner to the
record, except that it came from the suggestion
of the court to take care of what was apparently an
understanding between the board and the relators
in the injunction case brought by them, which re-
lated only to the opening, grading, and draining of
the road.

Again, it is clear that the court is without power,
under the statute that existed at that time, to make
any judgment that was equivalent to an assess
ment of property for paving the road, when that
function was a duty enjoined by statute upon the
board of county commissioners.   Therefore, for this
reason the court below committed no error in re-
fusing the writ in the instant case.

It appears clear, from the record, that in 1924
the commissioners, following the specific provisions
of the statutes and an agreement made by the prop-
erty owners with respect to pavement, performed
all their specific duties relative to the establish-
ment of the road by way of notice to property

owners, assessments, collections, and all other matters necessary for the completion of the improvement, and during a long period of time, in which there were public hearings and public notices, the relator took no legal act to restrain the board from proceeding in the manner now complained of instead of according to the terms of the journal entry. It seems reasonable to conclude that at some stage of these proceedings the relator had full opportunity to take advantage of his legal rights by way of injunctive process, or by otherwise litigating the question of the action of the county commissioners in the courts. This was not done, and we think that this situation in the record was sufficient to justify a court of equity in denying the relief sought by the relator in the proceeding in the court below, and the judgment of the court reflecting this situation, in our opinion, has no element of error in it.

Again, if the peremptory writ of mandamus were to be granted herein against the board of county commissioners, what performance of duty remains that the court could enjoin upon the board? The board has done substantially all that the statute requires in relation to the pavement improvement, so that, speaking specifically to the record, the board cannot be enjoined to undo what has been done, when it is too late, by substituting therefor such action on the part of the board as the journal entry apparently directs. This leaves a situation where there is no public duty enjoined by law which the board of county commissioners can be compelled to perform. Therefore, it seems to us that there is but a moot question here presented, and it is well-established doctrine in Ohio that

moot questions are of no avail in courts of law. We cite the following authorities: *Lewis* v. *State*, 4 Ohio, 389; *Tracy* v. *Card*, 2 Ohio St., 431; *Pfeifer* v. *Graves*, 88 Ohio St., 473, 104 N. E., 529; *Pollitz* v. *Pub. Utilities Com.*, 93 Ohio St., 483, 113 N. E., 1071. Referring to the nullity of the journal entry in question, we cite the following: *Southward* v. *Jamison*, 66 Ohio St., 290, 64 N. E., 135; *Russell, Adm'r.*, v. *Fourth National Bank*, 102 Ohio St., 248, 131 N. E., 726.

We reproduce from the latter case a quotation from Ruling Case Law as follows:

"Even where a court has jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void."

These decisions make inapplicable the authority of *State ex rel.* v. *Toledo Home Telephone Co.*, 72 Ohio St., 60, 74 N. E., 162.

The judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, J., concurs.

VICKERY, J., not participating.